IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | MAGISTRATE NO. 19-1171 |
| GUNTHER J. HALCSIN | : | |

## GOVERNMENT'S MOTION TO IMPOSE NO CONTACT, DIRECT OR INDIRECT, WITH THE VICTIMS, MINORS, AND WITNESSES

Defendant Gunther J. Halcsin stands before this Court charged with manufacture and attempted manufacture of child pornography in violation of 18 U.S.C. § 2251(a) and (e). The charges involve the defendant's surreptitious recording of the 12-year old victim, which he live-streamed on Twitter's Periscope service.

On July 10, 2019, the defendant was charged by complaint and warrant. A detention hearing was held before the Honorable David R. Strawbridge, and the Court granted the government's motion for pre-trial detention. As discussed below, investigation has since revealed that the defendant also manufactured videos depicting his sexual abuse of his minor daughter. While incarcerated at the Federal Detention Center, the defendant has contacted the victims by telephone and text message, and he has contacted the victims' families, all of whom are potential witnesses in the government's case. The government now moves to impose no contact, direct or indirect, with the victims, possible witnesses to this matter, and all minor children.

## I. BACKGROUND OF CHARGED CRIMES

On July 4, 2019 Twitter submitted CyberTipline Reports to NCMEC to advise they had identified the user ALL3ONHIDDENCAM, as having live-streamed a video through Twitter's Periscope service indicating he was sexually abusing his 12 year old daughter. This live stream occurred on July 4, 2019. The CyberTipline reports indicated that personnel at Twitter reviewed the video before submitting the information to NCMEC's CyberTipline.

On July 9, 2019 these CyberTipline reports were forwarded to the Special Agent for investigation. Upon reviewing the video, based on the Special Agent's experience and training, he concluded that it depicts child pornography, or an attempt to manufacture child pornography, as defined in 18 U.S.C. § 2256. The video is approximately five minutes long and depicts an adult male walking around his house. He states he is living at his daughter's friend's house. At times he shows the bathroom of the house and explains how he hides a camera in what appears to be a laundry basket under a metal shelf to secretly record individuals. At times he shows a second device, possibly a smart phone or tablet computer, and scrolls through pictures saved on the device.

Amongst the pictures are ones of a female the man refers to as his 12 year old daughter. She is nude in the bathroom and appears to be unaware of the hidden camera. Some pictures depict her naked buttocks and in others her naked breasts. Other pictures show who appears to be this same girl sleeping and an adult male placing his penis in her mouth. In the video when he shows the picture of the girl sleeping with a penis in her mouth he states, "That's what happens when they go to sleep, they don't know shit about it." He then says in the video the girl in the picture is his daughter. He also states he has plenty of videos and when showing the second device it appears there are numerous other pictures and videos of the minor girl nude or in states

of undress saved on the device. Some of the photos he shows also depict his face while he is hiding the camera in the bathroom.

On July 9, 2019, a search warrant was executed in the Eastern District of Pennsylvania, criminal number 18-1170-M, to search the defendant's residence. The was residing at this residence with two other adults who were his friends, along with their four minor children.

Special Agents interviewed the defendant. He stated he has been living at this residence for approximately the last four months. He has a 13 year old daughter. He does use Periscope under the user name ALL3ONHIDDENCAM. The defendant admitted to hiding his smart phone in the bathroom of this residence and recording a 12-year old girl undressing in the bathroom of this residence and taking a shower. He admitted that he distributed these images over the internet via Periscope. The defendant stated this child was not his daughter, but was the 12-year old daughter of his friend with whom he had been living over the last four months. He also admitted that a few years ago he recorded his own daughter nude in the bathroom similar to this hidden video recording.

## II.     ARGUMENT

Despite the seriousness of the pending charges, the defendant continues to seek contact with the victims and their families, and a court order imposing no contact, direct or indirect, with the victims, witnesses, and minors is warranted. *U.S. v. Loy*, 237 F.3d 251 (3d Cir. 2001); *U.S. v. Mizwa*, 345 Fed. Appx. 834 (3d Cir. 2009).

The defendant was ordered detained on July 15, 2019. (Doc. No. 8.) Since this court order, the defendant has repeatedly and brazenly sought contact with the victims through multiple mediums, including by telephone and text message. On July 18, 2019, just three days after the defendant was ordered detained, he called his daughter—the minor victim—eleven

times. The defendant also communicated with the victim via text message. Attached as Exhibits A and B are screen shots of two text messages that the defendant sent to his minor daughter on July 28, 2019 and July 29, 2019, respectively. On July 28, 2019, the defendant sent a message stating, "hey girl its ur [sic] father how are you doing? delete this after u read this I love you and miss you. im [sic] doing ok delete after you send." (Exhibit A.) Two hours later he sent a message, "sweet dreams i [sic] love you 143 deleate [sic] this its ur [sic] father." (Exhibit A.)

Then on July 29, 2019, the defendant sent additional text messages:

> Defendant: sweet dreams i [sic] love you 143 deleate [sic] this its [sic] your father
>
> Defendant: . . . i [sic] miss you so so much and love you to death. pray [sic] to see you soon. Reply then delete
>
> Defendant: 143

(Exhibit B.)

The victim's mother responded, expressly telling the defendant to stop sending messages. (See Exhibit B.) These contacts are wholly improper a no contact order is necessary to protect the victims and all minors from the defendant.

Likewise, a no contact order should be imposed prohibiting contact with the victims' families, all of whom are potential government witnesses. The defendant contacted the victims' families multiple times since he was ordered detained on July 15, 2019. He called his daughter's mother two times on July 18, 2019. He also wrote a letter to the victim's family that he was residing with at the time he committed the offenses charged, which is attached as Exhibit C. The families have expressed to the defendant and to the Special Agent investigating this case that they want no contact with the defendant, including by phone, e-mail, or mail. (*See e.g.*, Exhibit B.) Courts have routinely ordered no contact with potential witnesses and a no contact provision

with the victims' families should be imposed. 18 U.S.C. § 3142(c)(1)(B)(v); *United States v. Miko*, No. 12-21, 2012 WL 996500 (E.D.Pa. Mar. 26, 2012); *United States v. Hidalgo-Perez*, No. 12-671, 2013 WL 180366, at *1 (E.D.Pa. Jan. 17, 2013).

### III.   CONCLUSION

A court order imposing no contact, direct or indirect, with the victims, potential witnesses, including the victims' families, and all minors is necessary to ensure the safety of the victims.

WHEREFORE, the government respectfully requests the Court to impose an order prohibiting contact with the victim and witnesses.

Respectfully submitted,

WILLIAM M. MCSWAIN
United States Attorney

MEAGHAN A. FLANNERY
MICHELLE ROTELLA
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion to Impose No Contact was served by e-filing and email on the following defense counsel:

Natasha Taylor-Smith, Esquire
natasha_taylor-smith@fd.org
Federal Community Defender Office - EDPA
601 Walnut St Suite 540 West
The Curtis Building
Philadelphia, Pa 19106

_____
MEAGHAN A. FLANNERY
MICHELLE ROTELLA
Assistant United States Attorneys

Date:  July 31, 2019

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | MAGISTRATE NO. 19-1171 |
| GUNTHER J. HALCSIN | : | |

## ORDER

AND NOW, this _____ day of _____, 2019, the Court finds that:

(a) The defendant shall have no contact, direct or indirect, with the victims;

(b) The defendant shall have no contact, direct or indirect, with potential witnesses, including the victims' families, Charlie Vasso, Christian Eyrich, Jennifer Fleck, Justin McLean, and their minor children, for the duration of pretrial detention; and

(c) The defendant shall have no contact, direct or indirect, with minors.

BY THE COURT:

_____
HONORABLE THOMAS J. RUETER
United States Magistrate Court Judge